# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-11252
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CESAR VELASQUEZ-CORONADO

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-201-ALL

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Cesar Velasquez-Coronado (Velasquez) appeals the sentence imposed by the district court following his conviction of being illegally found in the United States after removal. Velasquez, who was serving a state sentence when he was turned over to immigration authorities, argues that the district court erred by increasing his criminal history score pursuant to U.S.S.G. § 4A1.1(d). He argues that, for purposes of § 4A1.1(d), the offense of being found illegally in the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States should terminate when a defendant is compelled to remain in the United States by a criminal justice sentence.

Velasquez concedes that the issue is foreclosed by United States v. Santana-Castellano, 74 F.3d 593 (5th Cir. 1996), but he raises the issue to preserve it for further review. The Government has filed a motion to dismiss the appeal or for summary affirmance and has alternatively requested an extension of time in which to file a brief.

"Where a deported alien enters the United States and remains here with the knowledge that his entry is illegal, his remaining here until he is 'found' is a continuing offense." Santana-Castellano, 74 F.3d at 598. "Because a 'found in' violation is a continuing violation until the date the alien is discovered by immigration authorities, [Velasquez] committed all or part of that violation on the date he was discovered while imprisoned on the state offense." Id. The court in Santana-Castellano rejected the contention that § 4A1.1(d) did not apply because the defendant was incarcerated and thus could not leave the United States. See id. at 597. Velasquez's argument is foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative request to dismiss the appeal or for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.